IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEDIX STAFFING SOLUTIONS, INC., § § Plaintiff, § § vs. § STEWARD HEALTH CARE NETWORK, § INC., et al, § § Defendants. § | Case No. 3:23-cv-00818-G |

**DEFENDANTS STEWARD HEALTH CARE NETWORK, INC., STEWARD HEALTH CARE SYSTEM LLC, STEWARD HEALTH CARE HOLDINGS LLC, STEWARD MEDICAL GROUP, INC., AND STEWARD MEDICAL HOLDINGS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Steward Health Care Network, Inc. ("Steward Health"), Steward Health Care System LLC ("Steward Health System"), Steward Health Care Holdings LLC ("Steward Health Holdings"), Steward Medical Group, Inc. ("Steward Medical"), and Steward Medical Holdings LLC ("Steward Medical Holdings," and together with the foregoing defendants, "Steward") file this answer to Plaintiff Medix Staffing Solutions, Inc.'s ("Plaintiff") Complaint and state as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this breach of contract action to recover a principal balance of $564,996.01 for staffing services rendered, plus contract-based late fees, attorneys' fees, interest, and costs.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same. To the extent this paragraph can be understood to be directed at Steward, Steward denies that the principal balance is $564,996.01, denies that Plaintiff is entitled to

1

"contract-based late fees, attorneys' fees, interest, and costs," and denies any remaining allegations contained in this paragraph.

## PARTIES

2. Plaintiff is an Illinois corporation with a principal place of business located at 222 S. Riverside Plaza, Suite 2120, Chicago, IL 60606.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

3. Defendant Steward Health is a Delaware corporation with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201.

**ANSWER:** Steward admits the allegations contained in this paragraph.

4. Defendant Steward Health System is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. The embers and addresses of Steward Health System consist of the following: Steward Health Care Holdings LLC, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201, whose membership is described below; Harrison Bane, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; John A. Boehner, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Michael Callum, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Ralph de la Tone, MD, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Octavio Diaz, M.D., 1900 N. Pearl Street, Suite 2400, Dallas, FL 75201; John Donlan, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Christopher Dunleavy, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Brian Dunn, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201; Nathalie Hibble, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201.

**ANSWER:** Steward admits that Defendant Steward Health System is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. Steward admits that Steward Health Care Holdings LLC is a member of Steward Health System. Steward denies all remaining allegations contained in this paragraph.

5. Defendant Steward Health Holdings is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. Upon information and belief, Steward Health Holdings' member is Defendant Medical Properties Trust, a Maryland Corporation that is headquartered at 3500 Colonnade Pkwy Ste 540, Birmingham, AL 35243, with a Maryland principal office at 11 East Chase Street, Suite 9E, Baltimore, MD 21202.

**ANSWER:** Steward admits that Steward Health Holdings is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX

2

75201. Steward denies that Medical Properties Trust is a member of Steward Health Holdings. Steward admits that, on information and belief, Medical Properties Trust's principal office is located at 11 East Chase Street, Suite 9E, Baltimore, MD 21202.

6. Defendant Steward Medical is a Massachusetts nonprofit corporation, with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201.

**ANSWER:** Steward admits the allegations contained in this paragraph.

7. Defendant Steward Medical Holdings is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. Upon information and belief, Steward Health Holdings' member is Defendant Medical Properties Trust, a Maryland Corporation that is headquartered at 3500 Colonnade Pkwy Ste 540, Birmingham, AL 35243 with a Maryland principal office at 11 East Chase Street, Suite 9E, Baltimore, MD 21202.

**ANSWER:** Steward admits that Steward Medical Holdings is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. Steward denies that Medical Properties Trust is a member of Steward Medical Holdings. Steward admits that, on information and belief, Medical Properties Trust's principal office is located at 11 East Chase Street, Suite 9E, Baltimore, MD 21202.

8. Defendant Medical Properties Trust is a Maryland Corporation that is headquartered at 3500 Colonnade Pkwy Ste 540, Birmingham, AL 35243, with a Maryland principal office at 11 East Chase Street, Suite 9E, Baltimore, MD 21202.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

## JURISDICTION AND VENUE

9. There is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Illinois and Defendants, including all their members, are all citizens of Delaware, Texas, Massachusetts, Alabama, and Maryland.

**ANSWER:** Steward admits only that it agrees there is complete diversity.

10. The amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $75,000.00 at issue, exclusive of costs, interest and attorneys' fees.

**ANSWER:** Steward admits only that the amount in controversy claimed by Plaintiff exceeds $75,000.

11. This action properly lies in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:** Steward admits only that this action is properly in the Northern District Texas.

12. The Court has personal jurisdiction over each Defendant.

**ANSWER:** Steward denies the allegations contained in this paragraph.

13. Venue is appropriate in this Court.

**ANSWER:** Stewart admits the allegations contained in this paragraph.

## FACTS COMMON TO ALL ALLEGATIONS

14. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

15. Plaintiff is a staffing company serving the healthcare industry.

**ANSWER:** Stewart admits the allegations contained in this paragraph.

16. Formed as a collection of hospitals, Defendant Companies claim to be the largest tax-paying hospital operator in the country, with 39 community hospitals across nine states and more than 43,000 employees.[1] Defendant Companies operate as a conglomerated enterprise referred to as "Steward." All Defendant Companies are subsidiaries, divisions, or affiliates of one another.

**ANSWER:** Steward denies the allegations contained in the last two sentences of this paragraph. As to the allegations contained in the first sentence of this paragraph, Steward states

---

[1] https://www.steward.org/about (visited April 18, 2023).

4

that the cited webpage is a written document that speaks for itself and denies all allegations inconsistent therewith.

17. Established in 2008 as a physician's network for hospitals under Steward's "Steward Health Care System," Steward's brand name "Steward Health Care Network" currently extends across nine states.[2] Steward Health Care Network is a community-based care model, which drives value-added tools and services to communities, patients, physicians and hospitals across the continuum of care. Steward Health Care Network delivers care to more than two million patients annually. *Id.* Steward Health Care Network's providers include both primary care physicians and a full range of specialists whom Defendants claim are committed to keeping patients healthy and helping them avoid costly hospital visits. *Id.*

**ANSWER:** Steward states that the cited webpage is a written document that speaks for itself and denies all allegations inconsistent therewith.

18. Steward's brand name "Steward Medical Group" is a physician-led, high-performing, multi-specialty health care practice organization with more than 1,700 directly employed providers delivering high-quality patient care across 11 states.[3] Steward Medical Group offers primary care and specialty services, whose team of providers works collaboratively to improve patient outcomes through preventative care.

**ANSWER:** Steward states that the cited webpage is a written document that speaks for itself and denies all allegations inconsistent therewith.

19. Defendant Companies are all interrelated, jointly-operated subsidiaries, divisions or affiliates of one another.

**ANSWER:** Steward denies the allegations contained in this paragraph.

20. Defendant Medical Properties Trust is the parent company.

**ANSWER:** Steward denies the allegations contained in this paragraph.

21. On or about July 22, 2021, Plaintiff and Defendants entered into a written contract titled "Services Agreement," which includes attachments A and B. Therein, Plaintiff agreed, *inter alia*, to provide Defendants with staffing services (the "Agreement"). A true and correct copy of the Agreement is attached as Ex. A.

---

[2] https://www.steward.org/networkisteward-health-care (visited April 18, 2023).
[3] https://www.steward.org/networkismg (visited April 18, 2023).

**ANSWER:** Steward states that the Services Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Answering further, Steward denies that the Services Agreement is between Plaintiff and "Defendants" and denies that Plaintiff agreed to provide "Defendants" with staffing services, while admitting that Plaintiff agreed to provide staffing services.

22. The parties to the Agreement are Plaintiff, on one hand, and on the other hand, "Client" which is defined as "Steward Health Care Network, including its subsidiaries, divisions, and affiliates." *Id.*

**ANSWER:** Steward states that the Services Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith.

23. All Defendants are primary parties to the Agreement because all Defendants are "subsidiaries, divisions, and affiliates" of Steward Health Care Network.

**ANSWER:** Steward denies the allegations contained in this paragraph, including but not limited to the allegation that Medical Properties Trust is a party to the Services Agreement.

24. As consideration for the staffing services which Plaintiff agreed to provide, Defendants agreed to pay Plaintiff[s] fees for staffing services as such obligation is described in the Agreement.

**ANSWER:** Steward states that the Services Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Answering further, Steward denies that "Defendants" agreed to pay Plaintiff.

25. Plaintiff fully performed its obligations and, *inter alia*, provided Defendants with personnel for use in Defendants' business.

**ANSWER:** Steward denies that Plaintiff provided "Defendants" with personnel for use in "Defendants'" businesses but admits that Plaintiffs provided personnel for certain entities. The remainder of this paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

26. Net of some irregular payments, Defendants failed to pay the balance of Plaintiff's invoices as they became due.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff's invoices. Answering further, Steward admits that Steward Health did not pay the entire balance of all invoices when they came due.

27. Plaintiff conferred a benefit upon Defendants by providing Defendants with personnel, *inter alia*, for the benefit of Defendants' business. However, Defendants failed to make payment pursuant to the Agreement.

**ANSWER:** Steward denies that Plaintiff conferred a benefit upon "Defendants" by providing "Defendants" with personnel for the benefit of "Defendants'" business. Steward further denies that "Defendants" were obligated to pay Plaintiff's invoices. Steward admits that Plaintiff provided personnel to certain entities and that a portion of the payments is outstanding.

28. Plaintiff sent Defendants regular and systematic invoices on a weekly basis for services rendered through March 8, 2023.

**ANSWER:** Steward denies that Plaintiff sent "Defendants" invoices but admits that Plaintiff has sent invoices.

29. Through March 8, 2023, Defendants had been making payments to Plaintiff on an irregular basis.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff's invoices. Answering further, Steward admits that it had been making payments and that payments were not always sent on a regular interval.

30. As of March 8, 2023, Defendants owe a principal balance of $564,996.01. A true and correct statement of account is attached as Ex. B.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff's invoices. Steward admits that Plaintiff was owed a principal balance of $564,996.01 as of March 8, 2023. Answering further, Steward states that a large portion of this amount has since been paid.

31. Nearly the entirety of the balance is more than 30 days past due.

7

**ANSWER:** Steward denies the allegations contained in this paragraph.

32. The Agreement provides that invoices submitted are fully payable unless disputed by Defendants, with written notice to Plaintiff, within the payment terms on the invoice, which is 30 days.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff's invoices. Answering further, Steward states that the Services Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith.

33. Defendants failed to submit a timely written dispute of any invoice.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff's invoices. Steward admits that a written dispute was not sent for any invoice.

34. Plaintiff rendered statements of account to Defendants, retained by Defendants for a reasonable time without objection, which constituted an acknowledgment and recognition of the correctness of the account.

**ANSWER:** Steward denies that Plaintiff rendered statements of account to "Defendants" or that "Defendants" retained the same. Steward admits that Plaintiff rendered invoices and statements and that objections were not sent. The remaining allegations contained in this paragraph consist of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

35. Defendants agreed to the accuracy of the statements of account.

**ANSWER:** Steward denies that "Defendants" agreed to anything. Answering further, Steward admits only that certain invoices and statements Plaintiff sent reflected the correct amounts owed at various points in time.

36. The Agreement provides for a late fee of 1% per month for any undisputed invoice that is not paid within 60 days of Defendants' receipt of the invoice. All invoices are undisputed and nearly all invoices are aged more than 60 days.

**ANSWER:** Steward denies that "Defendants" are obligated to pay any invoice. Answering further, Steward states that the Services Agreement is a written document that speaks

for itself and denies all allegations inconsistent therewith. Steward further denies that the Agreement "provides for a late fee of 1% per month" and states that the Agreement provides that "Medix reserves the right to apply a late charge of 1.00% per month on the amount of the past due balance for invoices that are not paid within sixty (60) days of the Client's receipt of the invoice." Steward further denies that nearly all invoices are aged more than 60 days.

37. All allegations pled against Defendants are pled against each Defendant jointly and severally.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same. To the extent this paragraph can be understood to be directed at Steward, Steward states that this paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that Defendants are jointly and severally liable.

38. In addition to the affiliation among all Defendants, liability for all Defendants is established through piercing of the corporate veil or alter ego liability if necessary.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies the allegations contained in this paragraph.

39. There is a sufficient unity of interest and ownership among the Defendants such that the separate personalities of the corporations and the parties who compose them no longer exist.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies the allegations contained in this paragraph.

40. The companies operate from the same physical addresses, the companies share ownership, management, personnel, and business operations. Defendants operate collectively as an amalgamated, consolidated, and unified enterprise.

**ANSWER:** Steward denies the allegations contained in this paragraph.

41. Defendants failed to maintain arm's length transactions. The entities are so inextricably linked such that they cannot be considered separate entities.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies the allegations contained in this paragraph.

42. The circumstances are such that adherence to the fiction of holding separate corporate forms would promote injustice or inequitable circumstances, particularly given Defendants' failure to pay Plaintiff the balance owed.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies the allegations contained in this paragraph.

43. Defendants utilized the services of human labor while failing to pay for the services of those persons.

**ANSWER:** Steward denies that "Defendants" utilized the services of human labor while failing to pay for the services of those persons. Steward admits that Plaintiff is owed a portion of the invoices described in this Complaint.

44. Defendants repeatedly promised to pay their debt to Plaintiff. However, Defendants failed to pay.

**ANSWER:** Steward denies that "Defendants" promised anything or that "Defendants" failed to pay. Steward admits that Plaintiff is owed a portion of the invoices described in this Complaint.

45. It is in the public interest that creditors be paid and that workers be compensated for their labor, particularly by an enterprise involved in health care services.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

46. All Defendants are responsible for payment of Plaintiff's undisputed invoices.

**ANSWER:** Steward denies the allegations contained in this paragraph.

## COUNT ONE – BREACH OF CONTRACT
### (Against all Defendants)

47. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-46 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

48. Plaintiff and Defendants entered into a valid and enforceable written contract, to wit, the Agreement.

**ANSWER:** Steward denies that Plaintiff and Defendants entered into the Agreement but admits the Agreement is valid.

49. Plaintiff performed its obligations under the Agreement.

**ANSWER:** Steward admits the allegations contained in this paragraph as they pertain to the invoices at issue here.

50. All conditions precedent have occurred or have been waived or excused.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

51. Defendants breached the Agreement by, *inter alia*, failing to pay Plaintiff for the personnel that Plaintiff provided.

**ANSWER:** Steward denies that "Defendants" were obligated to pay Plaintiff or that "Defendants" failed to pay. Steward admits that Plaintiff is owed a portion of the invoices described in this Complaint.

52. The Agreement provides that Defendants owe a late fee of 1% per month on invoices that are not paid within 60 days of Defendants' receipt of the invoice.

**ANSWER:** Steward denies that "Defendants" owe anything. Answering further, Steward states that the Services Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Steward further denies that the Agreement provides that "a

late fee of 1% per month on invoices that are not paid within 60 days" is owed and states that the Agreement provides that "Medix reserves the right to apply a late charge of 1.00% per month on the amount of the past due balance for invoices that are not paid within sixty (60) days of the Client's receipt of the invoice."

53. After accounting for partial payments, but before calculating contract-based late fees, costs, and attorneys' fees, Plaintiff sustained principal damages of $564,996.01.

**ANSWER:** Steward denies the allegations contained in this paragraph. Steward further denies that Plaintiff is entitled to contract-based late fees, costs, and attorneys' fees."

### COUNT TWO – UNJUST ENRICHMENT / QUANTUM MERUIT
**(Against all Defendants)**

54. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-46, except Paragraphs 21-23 and except as it pertains to the validity of the Agreement, as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

55. Count Two is hereby pled in the alternative to Count One if the Agreement is held to be unenforceable against one or more Defendants.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

56. At all relevant times herein, Plaintiff conferred an enrichment, benefit or benefits to Defendants.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that Plaintiff conferred anything to "Defendants" and admits only that Plaintiff provided certain services as described in the Services Agreement.

57. As a result, Plaintiff suffered an impoverishment.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

58. There is a direct relationship between the enrichment Plaintiff provided and the impoverishment Plaintiff suffered.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

59. Defendants had knowledge of the benefit or benefits that Plaintiff conferred.

**ANSWER:** Steward denies that "Defendants" had knowledge of anything or that Plaintiff conferred a benefit on "Defendants" but admits that that Plaintiff provided services as described in the Services Agreement.

60. Defendants voluntarily accepted, retained, appreciated and received the benefit or benefits that Plaintiff provided to Defendants, at the expense of Plaintiff.

**ANSWER:** Steward denies that "Defendants" accepted, retained, appreciated, or received anything and that Plaintiff provided a benefit to "Defendants." Steward admits that Plaintiff provided certain services as described in the Services Agreement and that Plaintiff is owed a portion of the invoices described in this Complaint.

61. Defendants were enriched by the benefit or benefits provided by Plaintiff.

**ANSWER:** Steward denies that Plaintiff provided a benefit to "Defendants" but admits that Plaintiff provided certain services as described in the Services Agreement.

62. Defendants unjustly retained a benefit to Plaintiff's detriment.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that Plaintiff provided a benefit to "Defendants" and admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

63. There was no justification for Defendants' unjust enrichment.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that "Defendants" were enriched and admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

64. Defendants' retention of the benefit violates the fundamental principles of justice, equity and good conscience.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that "Defendants" were provided a benefit and admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

65. Pleading in the alternative, Plaintiff lacks a remedy provided by law.

**ANSWER:** Steward denies the allegations contained in this paragraph.

66. Despite the receipt of such enrichments, Defendants refused to compensate Plaintiff for the unjust enrichment of $564,996.01.

**ANSWER:** Steward denies that "Defendants" are obligated to compensate Plaintiff. Steward denies that the outstanding balance is $564,996.01 and admits only that Plaintiff is owed a portion of the invoices described in this Complaint.

### COUNT THREE – ACTION FOR ACCOUNT STATED
### (Against all Defendants)

67. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-46 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

68. Count Three is hereby pled in the alternative to Count One and Count Two.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

69. Throughout the relationship between the parties, Plaintiff rendered invoices constituting statements of account for amounts owed by Defendants in exchange for services furnished by Plaintiff.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. Answering further, Steward denies that Plaintiff provided services to "Defendants." Steward admits only that Plaintiff rendered invoices and that Plaintiff rendered certain services described in the Services Agreement.

70. Defendants agreed to the accuracy of the invoices.

**ANSWER:** Steward denies that "Defendants" agreed to anything. Answering further, Steward admits only that certain invoices Plaintiff sent reflected the correct amounts owed at various points in time.

71. During this time, Defendants retained the aforementioned invoices for a substantial period of time without objection.

**ANSWER:** Steward denies that "Defendants" retained the invoices. Steward admits that Plaintiff rendered invoices and that objections were not sent.

72. Defendants recognized and acknowledged the correctness of the account, as reflected in the invoices submitted by Plaintiff, without contesting same.

**ANSWER:** Steward denies that "Defendants" recognized or acknowledged anything. Steward admits only that Plaintiff submitted invoices and that it did not contest the same.

73. Defendants promised to pay the outstanding balance due and owing to Plaintiff.

15

**ANSWER:** Steward denies that "Defendants" promised anything. Steward admits that Plaintiff is owed a portion of the invoices described in this Complaint.

74. Defendants' failure to object to the invoices from Plaintiff constitutes an acceptance of the amounts due and owing as reflected in the aforementioned invoices.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies that "Defendants" owe Plaintiff but admits that Plaintiff is owed a portion of the invoices described in this Complaint.

75. Defendants failed to make payments to Plaintiff who, as a result, has sustained damages in the principal amount of $564,996.01.

**ANSWER:** Steward denies that "Defendants" are obligated to make any payments to Plaintiff. Steward denies that the principal amount owed is $564,996.01 but admits that Plaintiff is owed a portion of the invoices described in this Complaint.

*/s/ Thomas G. Yoxall*
**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
  nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**COUNSEL FOR DEFENDANTS STEWARD HEALTH CARE NETWORK, INC., STEWARD HEALTH CARE SYSTEM LLC, STEWARD HEALTH CARE HOLDINGS LLC, STEWARD MEDICAL GROUP, INC., AND STEWARD MEDICAL HOLDINGS LLC**

## **CERTIFICATE OF SERVICE**

      I certify that on May 11, 2023, I caused this document to be filed with the Court's electronic filing system and set for service on counsel of record.

*/s/   Thomas G. Yoxall*
