UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEDIX STAFFING SOLUTIONS, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) |
| | )   CIVIL ACTION NO. |
| STEWARD HEALTH CARE NETWORK, INC., a Delaware corporation, ET AL., | )  3:23-CV-0818-G ) ) ) |
| Defendants. | ) |

## STATUS REPORT ORDER

In accordance with Rule 16(b), F.R. Civ. P., counsel are directed to confer for the purpose of submitting a **JOINT** status report in this case.

No meeting under Rule 26(f), F.R. Civ. P., as amended ("Rule 26(f)"), is required. Also the parties are not required to submit a written report to the court outlining a proposed discovery plan. *See* Rule 26(f).

However, when the parties confer for the purpose of submitting a joint status report in this case, they shall discuss their views and proposals concerning the issues contained in Rule 26(f)(2)-(4).

The report shall be **ELECTRONICALLY FILED** no later than **June 6, 2023**, and shall address in separate paragraphs each of the following matters:

(1) A brief statement of the nature of the case, including the contentions of the parties.

(2) Any challenge to jurisdiction or venue.

(3) Any pending motions.

(4) Any matters which require a conference with the court.

(5) Likelihood that other parties will be joined.

(6) (a) An estimate of the time needed for discovery, with reasons, and (b) a specification of the discovery contemplated.

(7) Requested trial date, estimated length of trial, and whether jury has been demanded.

(8) Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).

(9) Prospects for settlement, and status of any settlement negotiations.

(10) What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and when it would be most effective (*e.g.*, before discovery, after limited discovery, at the close of discovery).

(11) Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report.

Plaintiff's counsel is responsible for initiating the status conference and for filing the status report. All counsel must participate in the conference.

Failure to timely submit the status report may result in the imposition of sanctions, including dismissal without further notice. *See* Rule 16(f), F.R. CIV. P.

Unless otherwise stipulated or directed by order, the disclosures required by Rule 26(a)(1), F.R. CIV. P., as amended, must be made within **30 days** of the date of this order.

No portion of the joint status report shall be faxed. In addition, no facsimile banners shall appear on any page of the joint status report.

All questions regarding this order or any scheduling matters should be directed to chambers **(214.753.2310)**.

**SO ORDERED**.

May 16, 2023.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**