IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MEDIX STAFFING SOLUTIONS, INC., an Illinois corporation, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:23-CV-0818-G |
| vs. | ) ) ) | |
| STEWARD HEALTH CARE NETWORK, INC., a Delaware corporation, and STEWARD HEALTH CARE SYSTEM LLC, a Delaware limited liability company, and STEWARD HEALTH CARE HOLDINGS LLC, a Delaware limited liability company, and STEWARD MEDICAL GROUP, INC., a Massachusetts Nonprofit Corporation, and STEWARD MEDICAL HOLDINGS LLC, a Delaware limited liability company, and MEDICAL PROPERTIES TRUST, INC., a Maryland Corporation, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS'
<u>SUBSTANTIVE DISCOVERY RESPONSES AND FOR ATTORNEYS' FEES</u>**

Plaintiff Medix Staffing Solutions, Inc. respectfully files this Motion to Compel Substantive Discovery Responses and for Attorneys' Fees as to Defendants Steward Health Care Network, Inc. ("Steward Health"), Steward Health Care System LLC ("Steward Health System"), Steward Health Care Holdings LLC ("Steward Health Holdings"), Steward Medical Group, Inc. ("Steward Medical"), Steward Medical Holdings LLC ("Steward Medical Holdings") and Medical Properties Trust, Inc. ("Medical Properties Trust").

**INTRODUCTION**

Defendants flouted Rule 33(b)(3) by failing to sign their interrogatory answers. Defendants violated Rule 34(b)(2)(B) by serving boilerplate objections without a single document. Defendants failed to assert any proper objections under Rule 34(b)(2)(B). By serving only general objections, Defendant Medical Properties Trust failed to serve any valid discovery responses under Rule 33(b)(3) and Rule 34(b)(2)(B). By serving a grouped response, the other five Defendants violated Rule 33(b)(1)(A) and Rule 34(b)(2)(A). Defendants' boilerplate objections are invalid and ineffective. Defendants should be ordered to serve substantive discovery responses within 10 days and Defendants should be ordered to pay Plaintiff's reasonable attorneys' fees because Defendants' noncompliance is not substantially justified.

**SUMMARY OF DISCOVERY RESPONSES**

Plaintiff served six sets of interrogatories and six sets of requests for production of documents on Defendants, with a set of interrogatories and a set of requests for production of documents corresponding to each of the six Defendants for a total of 12 sets of discovery requests. Chase Decl., ¶ 4, App. 1-96. In response, Defendants served only four sets of discovery responses corresponding to the 12 sets served:

1. Defendant Medical Properties Trust's Objections to Plaintiff's First Set of Interrogatories;

2. Defendant Medical Properties Trust's Objections to Plaintiff's First Set of Requests for Production;

3. Defendants Steward Health, Steward Health System, Steward Health Care Holdings, Steward Medical, and Steward Medical Holdings' Objections to Plaintiff's First Set of Interrogatories; and,

4. Defendants Steward Health, Steward Health System, Steward Health Care Holdings, Steward Medical, and Steward Medical Holdings' Responses and Objections to Plaintiff's First Set of Requests for Production.

2

Chase Decl., ¶ 5, App. 97-111.

Defendants failed to produce any documents. Chase Decl., ¶ 6. Defendants failed to sign or verify any interrogatory answers. Chase Decl., ¶ 7, App. 97-98, 101-105. Defendant Medical Properties Trust's Objections to Plaintiff's First Set of Interrogatories contained two general objections and did not contain any specific responses to any of the 19 interrogatories. Chase Decl., ¶ 8, App. 97-98. Defendant Medical Properties Trust's Objections to Plaintiff's First Set of Requests for Production contained two general objections and did not contain any specific responses to any of the 23 requests for production. Chase Decl., ¶ 9, App. 99-100.

Defendants Steward Health, Steward Health System, Steward Health Care Holdings, Steward Medical, and Steward Medical Holdings' Objections to Plaintiff's First Set of Interrogatories contained the following objection, verbatim, seven times:

> Steward objects to this Interrogatory as overbroad.

Chase Decl., ¶ 10, App. 101-105.

Defendants Steward Health, Steward Health System, Steward Health Care Holdings, Steward Medical, and Steward Medical Holdings' Responses and Objections to Plaintiff's First Set of Requests for Production contained the following objection, verbatim, 13 times:

> Steward objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Steward further objects as this case seeks patently irrelevant documents.

Chase Decl., ¶ 11, App. 106-111.

Defendants Steward Health, Steward Health System, Steward Health Care Holdings, Steward Medical, and Steward Medical Holdings' Responses and Objections to Plaintiff's First Set of Requests for Production contained the following objection, verbatim, six times:

> Steward objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and wanting in requisite specificity. Steward further objects to this Request as seeking irrelevant documents.

Chase Decl., ¶ 12, App. 106-111.

None of Defendants' responses to requests for production containing objections indicated "whether any responsive materials are being withheld on the basis of that objection." Chase Decl., ¶ 13.

On July 17, 2023, Plaintiff's counsel sent a seven-page letter via email to Defendants' counsel setting forth the deficiencies in Defendants' discovery responses. Chase Decl., ¶ 14, App. 112-118. On July 24, 2023, Plaintiff's counsel conducted a telephonic meet and confer with Defendants' counsel to discuss the deficiencies in Defendants' discovery responses. Chase Decl., ¶ 15. On the July 24, 2023 call with Plaintiff's counsel, Defendants' counsel stated that Defendants do not intend to supplement their discovery responses. Chase Decl., ¶ 16, App. 119. Defendants have not supplemented their discovery responses. Chase Decl., ¶ 17.

## MEMORANDUM OF LAW

Defendants failed to sign their interrogatory answers, produce any documents, or assert any proper objections. Defendant Medical Properties Trust served no valid discovery responses at all, as its responses were limited to two general objections. The other five Defendants' grouped responses are noncompliant and Defendants' boilerplate objections are invalid. Defendants' noncompliance is not substantially justified.

### I.    Defendants Failed to Sign their Interrogatory Answers.

Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Without any excuse, Defendants failed to

provide any signed interrogatory answers. Even after a meet and confer, Defendants continue to flout Rule 33(b)(3) by refusing to sign or verify their interrogatory answers.

## II. Defendants Failed to Produce any Documents.

Rule 34(b)(2)(B) requires that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Defendants' document production was due on July 10, 2023, which is 30 days after service of the discovery requests. By failing to produce any documents, Defendants violated Rule 34(b)(2)(B).

## III. Defendants Failed to Assert any Proper Objections.

Rule 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Defendants failed to state whether any responsive materials were being withheld on the basis of any objection.

## IV. By Serving only General Objections, Defendant Medical Properties Trust Failed to Serve any Valid Discovery Responses.

Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Medical Properties Trust failed to answer any separate interrogatories under oath or otherwise. By serving two general objections instead of answering each of the 19 interrogatories separately under oath, Medical Properties Trust violated Rule 33(b)(3).

Rule 34(b)(2)(B) requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Medical Properties Trust violated Rule 34(b)(2)(B) because Medical Properties Trust failed to respond to "each item or category." By

serving only two general objections, instead of responses to each of the 23 requests for production, Medical Properties Trust violated Rule 34(b)(2)(B).

**V. By Serving a Grouped Response, Defendants failed to Comply with the Rules.**

Rule 33(b)(1)(A) requires that interrogatories must be answered "[b]y the party to whom they are directed." Rule 34(b)(2)(A) requires that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Defendants' grouped responses are not permitted under Rule 33(b)(1)(A) or Rule 34(b)(2)(A).

**VI. Defendants' Boilerplate Objections are Invalid and Ineffective.**

Boilerplate objections are improper and ineffective. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (holding that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection"); *see also Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (holding that the "party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable"). Defendants asserted the following verbatim boilerplate objections:

> Steward objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Steward further objects as this case seeks patently irrelevant documents. (13 times).
>
> Steward objects to this Interrogatory as overbroad. (Seven times).
>
> Steward objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and wanting in requisite specificity. Steward further objects to this Request as seeking irrelevant documents. (Six times).
>
> These invalid boilerplate objections should be overruled and disregarded.

**VII.   Defendants Should be Ordered to Pay Plaintiff's Reasonable Attorneys' Fees.**

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, or if discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless in relevant part "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Defendants' deficient discovery responses are not substantially justified. Accordingly, Defendants should be ordered to pay Plaintiff's reasonable attorneys' fees.

## CONCLUSION

Defendants should be ordered to serve substantive discovery responses, without objections and in compliance with the Federal Rules of Civil Procedure, within 10 days and Defendants should be ordered to pay Plaintiff's reasonable attorneys' fees.

**CERTIFICATE OF GOOD FAITH CONFERENCE UNDER LOCAL RULE 7.1**

I, Kenneth E. Chase, hereby certify that I have in good faith conferred with an attorney for each party affected by the requested relief to determine whether the motion is opposed. On July 17, 2023, I sent a detailed meet and confer letter to Defendants' attorneys Nick Graber and Thomas Yoxall. On July 24, 2023, I spoke with Nick Graber on the telephone. Graber stated that the Defendants do not intend to supplement their discovery responses. An agreement could not be reached because Defendants have refused to supplement their discovery responses. Graber did not indicate his consent to the relief requested herein. Accordingly, the parties could not reach an agreement and Plaintiff was forced to involve the Court.

        Respectfully submitted,

        CHASE LAW & ASSOCIATES, P.A.

By:   */s/ Kenneth E. Chase*
        Kenneth E. Chase
        Chase Law & Associates, P.A.
        1141 71st Street
        Miami Beach, FL 33141
        Tel: (305) 402-9800
        Fax: (305) 402-2725
        Email: kchase@chaselaw.com

        James B. Greer
        RANDALL GREER PLLC
        5910 N. Central Expressway, Suite 925
        Dallas, TX 75206
        (214) 628-9966
        (214) 628-9967 (fax)
        Email: jgreer@rglaw.com

        *Counsel for Plaintiff*
        *Medix Staffing Services, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on July 28, 2023.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase