IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEDIX STAFFING SOLUTIONS, INC., | § § § |
| Plaintiff, | § § |
| vs. | § No. 3:23-cv-00818-G § |
| STEWARD HEALTH CARE NETWORK, INC., et al, | § § § § |
| Defendants. | § |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' SUBSTANTIVE DISCOVERY RESPONSES AND FOR ATTORNEYS' FEES**

Defendants Steward Health Care Network, Inc. ("SHCN"), Steward Health Care System LLC ("Steward Health System"), Steward Health Care Holdings LLC ("Steward Health Holdings"), Steward Medical Group, Inc. ("Steward Medical"), and Steward Medical Holdings LLC ("Steward Medical Holdings," and together with the foregoing defendants, "Steward") and Medical Properties Trust, Inc. ("MPT," and together with Steward, the "Defendants") file this Response in Opposition to Plaintiff's Motion to Compel Defendants' Substantive Discovery Responses and for Attorneys' Fees and state as follows:

This is an exceedingly straightforward breach of contract case. SHCN and Plaintiff Medix Staffing Solutions, Inc. ("Medix") entered into a Service Agreement ("Agreement") for Medix to provide staffing services to certain of Steward's hospitals. MPT is not a party to the contract. Medix filed this lawsuit to obtain

1

payment for several invoices it issued to Steward. Steward has since paid a large portion of the amount demanded in the Complaint, but a portion is still outstanding. Steward stated in its answer that Medix provided services to certain of its hospitals and that Medix is still owed for a portion of those services. (Dkt. 13, ¶¶ 27, 29). Steward did not assert any defenses to Medix's claims and further stated in its answer that the Agreement is valid and that Steward did not contest any of the invoices at issue. (*Id.* at ¶¶ 48, 72.)

Despite the foregoing statements and the simplicity of this case, Medix issued a host of discovery to Steward asking Steward to re-confirm these same things while at the same time asking for a slew of documents immaterial to this case that Medix does not need to prosecute its claims. Discovery is intended for a party to obtain the information and documents it needs to prosecute its claims or to defend against claims of other parties. Medix already has everything it needs for its claims against Steward and the Court should therefore deny Medix's Motion as to Steward and deny Medix's request for attorneys' fees.

The Court should also deny Medix's Motion as to the discovery issued to MPT because Medix's claims against MPT are wholly frivolous. The Agreement indicates it is between Medix and "Steward Health Care Network including its subsidiaries, divisions, and affiliates . . ." MPT is not mentioned anywhere in the Agreement (*see generally id.*) Medix does not direct a single allegation against MPT, nor does Medix allege that it interacted or corresponded with MPT at any point regarding the Agreement, services provided under the Agreement, amounts due under the

Agreement, or any other subject for that matter. (*See generally* Dkt. 1.) In fact, the only references to MPT in the Complaint come in paragraphs 5, 7, and 8 of the "Parties" section and paragraph 20 of the supposed "Facts" section.

Medix's claims against MPT are based on its allegation that all defendants (including MPT by definition), are a primary parties to the agreement because they are purportedly "subsidiaries, divisions, and affiliates of Steward Health Care Network" (*id.* ¶ 23)—with Medix specifically alleging that MPT "is the parent company" of the Steward defendants (*id.* at ¶ 20). Defendants' counsel has explained to Medix's counsel that MPT is neither the parent nor an affiliate of the Steward defendants, but Medix nonetheless issued a host of discovery to MPT and refuses to dismiss its claims against MPT.[1] Indeed, the fact that MPT is neither the parent nor an affiliate of the Steward defendants is demonstrated by publicly available information. MPT's 2022 Annual Report summarizes the MPT-Steward relationship as follows:

> Affiliates of Steward lease 41 facilities across six different markets pursuant to two master lease agreements . . . In addition to the master leases, we hold a promissory note totaling approximately $220 million . . . Finally, we hold a 9.9% equity investment in Steward totaling approximately $126 million.

2022 Annual Report of Medical Properties Trust, Inc. and MPT Operating Partnership, L.P. ("2022 MPT Annual Report"), p. 14 (*available at*

---

[1] The Agreement does not define "affiliate," but Texas law does. *See McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 378 (5th Cir. 2013) (noting that undefined words in contracts are given their plain and ordinary meaning under Texas law). As the Supreme Court of Texas has held, "[a]n 'affiliate' is 'a person who controls, is controlled by, or is under common control with another person.'" *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 329 (Tex. 2017) (citing Tex. Bus. Orgs. Code § 1.002).

3

https://medicalpropertiestrust.gcs-web.com/static-files/41ab5421-3c7a-4bd2-a35a-80f4c8591138).[2] MPT's annual report further confirms that MPT does not control or have the ability to control Steward, providing in relevant part that:

> Investments in entities in **which we do not control nor do we have the ability to significantly influence** and for which there is no readily determinable fair value (**such as our investment in Steward Health Care System LLC** ("Steward")) are accounted for at cost . . .

*Id.* at p. 70 (emphasis added).

Medix's discovery to MPT is based on a frivolous premises and the Court should deny Medix's Motion as to MPT and deny Medix's request for attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court should deny Medix's Motion, including its request for attorneys' fees.

*/s/ Thomas G. Yoxall*

**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
  nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**COUNSEL FOR DEFENDANTS**

---

[2]  The explanatory note on page 2 of the annual report explains that: "Unless otherwise indicated or unless the context requires otherwise, all references in this report to "we," "us," "our," "Medical Properties," "MPT," or "company" refer to Medical Properties Trust, Inc. together with its consolidated subsidiaries, including MPT Operating Partnership, L.P." *Id.* at p. 2.

## **CERTIFICATE OF SERVICE**

  I certify that on August 18, 2023, I caused this document to be filed with the Court's electronic filing system and set for service on counsel of record.

               */s/   Thomas G. Yoxall*