IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MEDIX STAFFING SOLUTIONS, INC., an Illinois corporation,<br>      Plaintiff,<br><br>vs.<br><br>STEWARD HEALTH CARE NETWORK, INC., a Delaware corporation,<br>and<br>STEWARD HEALTH CARE SYSTEM LLC, a Delaware limited liability company,<br>and<br>STEWARD HEALTH CARE HOLDINGS LLC, a Delaware limited liability company,<br>and<br>STEWARD MEDICAL GROUP, INC., a Massachusetts Nonprofit Corporation,<br>and<br>STEWARD MEDICAL HOLDINGS LLC, a Delaware limited liability company,<br>and<br>MEDICAL PROPERTIES TRUST, INC., a Maryland Corporation,<br>      Defendants. | Civil Action No. 3:23-CV-0818-G |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS' SUBSTANTIVE DISCOVERY RESPONSES AND FOR ATTORNEYS' FEES**

Plaintiff Medix Staffing Solutions, Inc. respectfully files this Reply in Support of its Motion to Compel Substantive Discovery Responses and for Attorneys' Fees.

**I.    Defendants Failed to Meaningfully Address or Oppose the Motion to Compel.**

Defendants do not contest their failure to sign their interrogatory answers and their failure to produce any documents. Defendants do not attempt to justify their boilerplate objections and their failure to serve individualized discovery responses. By ignoring the fundamental arguments in the Motion to Compel, Defendants have conceded that the Motion should be granted. It is well-established that when a party files an opposition to a motion and fails to address certain arguments,

"a court may treat those arguments which were not addressed as conceded." *Monroe-Evans v. Berryhill*, 2017 WL 4075158, at *4 (D.D.C. Sept. 13, 2017) (*citing Davis v. Transportation Security Administration*, 2017 WL 3723862, at *3 (D.D.C. August 28, 2017); *Stubbs v. Law Office of Hunter C. Piel, LLC*, 148 F. Supp. 3d 2, 4 (D.D.C. 2015) *Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011); *Inst. for Policy Studies v. C.I.A.*, 885 F. Supp. 2d 120, 150 (D.D.C. 2012) (holding that "when a party does not address arguments raised by a movant, the court may treat those arguments as conceded"). Plaintiff's Motion to Compel is effectively unopposed because the opposition is unresponsive regarding the substantive matters at issue.

## II. Defendants' Suggestion that the Purported "Simplicity of this Case" Renders Discovery Obsolete is Unsupported and Contrary to Law.

Defendants' assertion that discovery is purportedly unnecessary due to the "simplicity of the case" is inconsistent with the scope of discovery under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Defendants' assertion that despite flouting its discovery obligations, Plaintiff "already has everything it needs for its claims" is not sourced in any authority. Moreover, Defendants' assertion that Medical Properties Trust is not a subsidiary, division, or affiliate of Steward Health Care System baseless given the public news articles indicating that Medical Properties Trust "invested $1.25 billion in Steward Health Care System," that it invested $20 million in Steward Health Care in Arizona, $60 million in Florida, and that its current development projects include $169.4 million in Steward Health Care in Texas. Defendants' assertion that Medical Properties Trust is not

affiliated with Steward is plainly untrue. Defendants' dispute as to this point is not whatsoever a basis to avoid discovery.

Defendants should certainly be ordered to serve substantive discovery responses, without objections and in compliance with the Federal Rules of Civil Procedure, within 10 days, and Defendants should be ordered to pay Plaintiff's reasonable attorneys' fees because the discovery noncompliance is not substantially justified.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

James B. Greer
RANDALL GREER PLLC
5910 N. Central Expressway, Suite 925
Dallas, TX 75206
(214) 628-9966
(214) 628-9967 (fax)
Email: jgreer@rglaw.com

*Counsel for Plaintiff*
*Medix Staffing Services, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on August 25, 2023.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase